IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01134-NYW-KLM

CHRISTINA M. BORGESE,
MARK PRIVITERA, and
NORTH AMERICA LITHIUM, INC.,

      Plaintiffs,

v.

JOHN BURBA, and
INTERNATIONAL BATTERY METALS, LTD.,

      Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant John Burba's ("Burba") **Motion for Attorneys' Fees and Costs Against Plaintiffs Christina M. Borgese and Marc Privitera** [#35] (the "Motion"). Plaintiffs Christina M. Borgese ("Borgese") and Marc Privitera ("Privitera") (collectively, the "Individual Plaintiffs") filed a Response [#44] to the Motion [#35], and Defendant Burba filed a Reply [#45]. The Motion [#35] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72(c)(3). *See* [#37]. The Court has reviewed the Motion [#35], the Response [#44], the Reply [#45], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#35] be **DENIED**.[1]

---

[1] Pursuant to Fed. R. Civ. P.54(d)(2)(D), a District Judge "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Thus, the

## I.  Background

The three Plaintiffs in this case—Ms. Borgese, Mr. Privitera, and North American Lithium, Inc. ("NAL"), a company which the Individual Plaintiffs allegedly control—brought six claims for relief against Defendants Burba and International Battery Metals, Ltd. ("IBAT").  *Compl.* [#1] at 1, 23-30.  Of these six claims, Plaintiffs asserted only two against Defendant Burba.  *Id.* at 23-30.  The Individual Plaintiffs brought Claim 5 for "Tortious Interference with Prospective Business Relations" against both Defendants Burba and IBAT, and Plaintiff NAL brought Claim 6 for "Breach of Contract" against Defendant Burba only.  *Compl.* [#1] at 28-30.  All six claims at issue in this case center around various business disputes between the parties.  *See generally Compl.* [#1].  Defendants filed a Partial Motion to Dismiss [#11] as to Claims 5 and 6 which was granted at Order [#30].  Defendant Burba subsequently filed the instant Motion [#35] seeking attorney fees pursuant to Colo. Rev. Stat. § 13-17-201 (2021) (the "Statute").

In the Motion, Defendant Burba seeks attorney fees under the Statute solely from the Individual Plaintiffs.[2]  *Motion* [#35] at 1.  Because the Individual Plaintiffs' only claim against Defendant Burba was a tort claim, he argues that he is entitled to fees under the Statute.  *Id.* at 3.  Defendant Burba further argues that the breach of contract claim brought against him by Plaintiff NAL is either irrelevant to the Colo. Rev. Stat. § 13-17-

---

undersigned issues this Recommendation rather than an Order.  *See, e.g.*, *Burr v. Moyer*, No. 10-cv-01503-WJM-MEH, 2012 WL 845412, *1 n.1 (D. Colo. Feb. 23, 2012).

[2] The Court notes that in the Motion [#35] Defendant Burba appears to seek both "fees" as well as, sporadically, "fees and costs."  *See Motion* [#35] at 1, 5.  However, Defendant Burba does not provide an accounting of "costs" anywhere in the Motion [#35].  Further, the Statute under which this Motion [#35] was brought, Colo. Rev. Stat. § 13-17-201, mentions only "fees," and not "costs."  For clarity, the Court will hereinafter refer to the relief sought by Defendant Burba in the Motion [#35] solely as "fees."

201 analysis, because the Motion [#35] seeks fees only from the Individual Plaintiffs, or, in the alternative, that the "complaint pleaded against Mr. Burba sounds primarily in tort." *Id.* at 2; *Reply* [#45] at 4.  Because the tort claim against Defendant Burba was dismissed through a Rule 12 motion and because the fees incurred are purportedly reasonable, Defendant Burba contends that he is entitled to fees totaling $37,471.50.[3]  *Motion* [#35] at 4, 8.

In the Response [#44], Plaintiffs contend that, of the two claims against Defendant Burba which were dismissed, only one was a tort claim, that the "essence of the claims" does not sound in tort, and therefore that Colo. Rev. Stat. § 13-17-201 does not apply. *Response* [#44] at 1.  Plaintiffs also argue that the fees requested are unreasonable.  *Id.* at 5.

## II.  Legal Standards[4]

Defendant Burba seeks "reasonable attorney fees" under Colo. Rev. Stat. § 13-17-201, which provides:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the

---

[3] In one instance in the Motion [#35], Defendant Burba states that he incurred $37,416.50 in attorney fees defending the action against him.  *Motion* [#35] at 3.  However, everywhere else in the Motion [#35], Defendant Burba states that he actually seeks $37,471.50 in attorney fees. *See e.g., id.* at 5.  Because the smaller number appears only once in the Motion [#35], the Court presumes this was a typographical error and assumes that Defendant Burba is seeking the larger of the two numbers which is used throughout the rest of the Motion [#35].  *See id.* at 5, 8, 14, 15. Ultimately, however, this discrepancy is of no consequence to the outcome of the Motion [#35], as discussed below.

[4] Because the Court's jurisdiction in this lawsuit is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the Court applies federal procedural law and Colorado substantive law.  *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995); *Trierweiler v. Croxton & Trench Holding Corp*, 90 F.3d 1523, 1539 (10th Cir. 1996). "In the Tenth Circuit, attorney fee statutes are considered substantive." *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000) (citing *Boyd Rosene & Assocs. v. Kan. Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999)).

Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action . . . .

*See Motion* [#35] at 4.  The Tenth Circuit has held that awards of attorney fees under this Statute are mandatory.  *Checkley v. Allied Prop. & Cas. Ins. Co.*, 635 F. App'x 553, 559 (10th Cir. 2016).  Although the Statute refers to dismissals pursuant to Rule 12 of the Colorado Rules of Civil Procedure, the Tenth Circuit has held that the Statute applies to dismissals under Federal Rule of Civil Procedure 12(b) as well.  *Id.*

The Tenth Circuit has stated that the "action" contemplated by the Statute refers to all claims against a particular defendant.  *Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1287 (D. Colo. 2009).  Thus, an award of fees is appropriate only when all claims against a particular defendant are dismissed on Rule 12 grounds, regardless of whether claims continue against other defendants.  *Id.*

The Statute "applies not only to tort actions involving death or injury to person or property, but also to tort actions involving mere economic injury."  *Nero v. Am. Family Mut. Ins. Co.*, No. 11-cv-02717-PAB, 2013 WL 5323191, at *7 (D. Colo. Sep. 23, 2013) (quoting *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo. App. 1994)).  "The attorney fee-shifting statute is intended to apply only to 'a narrow category of baseless tort cases, namely those cases that were so lacking in substance that they could not survive a motion to dismiss for failure to state a claim upon which relief could be granted.'"  *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1165 (Colo. 2013) (quoting *Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859, 869 (Colo. 2004)).

In summary, for a trial court to award reasonable attorney fees under the Statute, two conditions must be met: (1) the action must lie in tort; and (2) the action must be dismissed pursuant to Rule 12(b).  *See, e.g., Checkley*, 635 F. App'x at 559; *Gagne v.*

-4-

*Gagne*, 338 P.3d 1152, 1166 (Colo. App. 2014).   A defendant must show by a preponderance of the evidence that both requirements have been satisfied.  *Campos v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-02777-CMA-KLM, 2022 WL 2290617, at *5 (D. Colo. June 23, 2022), *report and recommendation adopted*, No. 21-cv-02777-CMA-KLM, 2022 WL 2702849 (D. Colo. July 12, 2022); *see also Clayton v. Dreamstyle Remodeling of Colorado*, *LLC*, No. 20-cv-02096-KMT, 2021 WL 4078911, at *12 (D. Colo. Sept. 7, 2021).

### III.  Analysis

Plaintiffs appear to concede that the relevant "action" here was dismissed pursuant to Rule 12(b), and therefore the second requirement for attorney fees under Colo. Rev. Stat. § 13-17-201 is met.  *See generally Response* [#44].  Further, neither party seems to disagree that Claim 5 lies in tort and Claim 6 lies in contract.  *See generally Response* [#44]; *Motion* [#35].  Plaintiffs do, however, challenge the application of the Statute in this case by arguing that the "action" is not a tort action.  *Response* [#44] at 1-2.  The Court first turns to the apparent disagreement between the parties concerning which claims constitute the dismissed "action" as described by the Statute.

### A.   Defining the "Action"

Defendant Burba first attempts to bifurcate the claim made against him by Plaintiff NAL for breach of contract from the claim made against him by the Individual Plaintiffs for tortious interference.  *See generally Motion* [#35].  Defendant Burba argues that because he seeks fees only from the Individual Plaintiffs, and in fact he expressly omits Plaintiff NAL from the relevant portions of his Motion [#35], the only claim against him relevant to determining whether Colo. Rev. Stat. § 13-17-201 applies is Claim 5, which is a tort claim.

*Id.* at 5, 7.  On the other hand, Plaintiffs argue that the action dismissed was composed of two claims, Claim 5 and Claim 6, and that both are relevant for the Colo. Rev. Stat. § 13-17-201 analysis.  *Response* [#44] at 4.  For the following reasons, the Court finds that Defendant Burba's argument lacks merit in light of established legal authority.

First, the Statute plainly states that fees are awarded in tort cases "where any such action is dismissed on motion of the defendant."  Colo. Rev. Stat. § 13-17-201.  In this case, Defendants successfully obtained dismissal of two claims against Defendant Burba: Claim 5 and Claim 6.  *See Order* [#30] at 14.  Again, in the Tenth Circuit, an action is dismissed only when all claims against a single defendant are dismissed.  *Torres*, 606 F. Supp. 2d at 1287.  If, for example, only Claim 5 in this case had been dismissed, then Defendant Burba would not be entitled to attorney fees under Colo. Rev. Stat. § 13-17-201 because the entire action, as contemplated by the Tenth Circuit, was not dismissed. Accordingly, regardless of who Defendant Burba attempts to seek attorney fees from, both Claim 5 and Claim 6 are relevant to determining whether Colo. Rev. Stat. § 13-17-201 applies.

Further, nothing in the language of the Statute, nor in any case found by the Court, supports the notion that a defendant may chose specific plaintiffs when requesting an award of attorney fees under Colo. Rev. Stat. § 13-17-201, any more than the Statute and relevant case law provide that a defendant may choose specific claims.  In fact, courts have routinely rejected attempts by both defendants and plaintiffs alike to exclude specific claims from the analysis.  *See e.g.*, *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 607 (Colo. App. 2008) (rejecting the plaintiff's argument that fees awarded under Colo. Rev. Stat. § 13-17-201 should be reduced to the fees accrued in defending only the tort claims);

*Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. App. 2007) (rejecting the defendants' argument that dismissal of all tort claims, but not all non-tort claims could support an award of fees under Colo. Rev. Stat. § 13-17-201). In short, the law does not permit parties to choose which claims count for the purposes of Colo. Rev. Stat. § 13-17-201. All claims in the dismissed action are relevant to the analysis, and although Defendant Burba attempts to select specific plaintiffs to his advantage, rather than specific claims, the effect is the same.

In summary, the attorney fees under Colo. Rev. Stat. § 13-17-201 are awarded for defending an action, and the dismissed action here is composed of two claims. As such, both claims are relevant to the determination of whether the action is a tort action and whether fees are to be awarded pursuant to Colo. Rev. Stat. § 13-17-201. The Court rejects Defendant Burba's attempt to circumvent the inclusion of Claim 6 from the statutory analysis by omitting Plaintiff NAL from the Motion [#35]. The "action" relevant to this case is composed of Claim 5 for Tortious Interference with Prospective Business Relations and Claim 6 for Breach of Contract. *Compl.* [#1] at 28-30. Accordingly, the Court now turns to whether those two claims render the action one in tort.

**B.   Whether the Dismissed Action Is One in Tort**

In actions such as this one involving both tort and non-tort claims "a court must determine, as a matter of law, whether the essence of that party's action was one in tort, in order to ascertain if section 13-17-201 applies." *Gagne*, 338 P.3d at 1167.

Defendant Burba argues that the "complaint pleaded against Mr. Burba sounds primarily in tort." *Reply* [#45] at 4. In support of this argument, Defendant Burba essentially notes that the breach of contract claim is less significant than the tortious

interference claim.  *Id*. 4-5.  For example, Defendant Burba states that the breach of contract claim takes up "less than four percent of the total length of Plaintiffs' Complaint." *Id*. at 4.  Defendant Burba also cites the Order [#30] at 11, which found that "[t]he body of the complaint does not include any allegations relevant to the Plaintiffs' sixth cause of action."  Defendant Burba argues that, even in the event that the Court considers Claim 6 to be a part of the relevant action, the primary thrust and essence of the action is one in tort, which cannot be undermined by a single "underdeveloped, meritless breach of contract claim." *Id*. at 4-5.

Plaintiffs, on the other hand, argue that this action is not one sounding in tort because the two claims are independent of each other, and the contract claim was not dependent on or alternative to the tort claim.  *Response* [#44] at 4.  In other words, Plaintiffs believe that the action does not "primarily" sound in tort because both claims are substantively equal components of the action.  *Id*.

In order to determine whether the essence of an action is one in tort for purposes of Colo. Rev. Stat. § 13-17-201, "district courts focus on the manner in which the plaintiff's claims are pled."  *Nero*, 2013 WL 5323191, at *7 (citing *Dubray*, 192 P.3d at 607).  Courts examine the face of the pleading, rather than the underlying logic of the claims.  *Torres*, 606 F. Supp. 2d at 1291.  In *Checkley v. Allied Property and Casualty Insurance Company*, the Tenth Circuit adopted the following test described by the Colorado Court of Appeals in *Gagne v. Gagne*, 338 P.3d at 1152, to determine whether the essence of an action which included tort and non-tort claims sounded in tort.  *Checkley*, 635 F. App'x at 559-60.  First the Court applies the "predominance test," where it assesses "whether quantitatively by simple number of claims or based on a more qualitative view of the

relative importance of the claims" an action sounds in tort. *Id.*  For example, in *Dubray v. Intertribal Bison Cooperative*, the court found that because six of the eight claims against the defendant were pled as tort claims, the action sounded in tort.  *Dubray,* 192 P.3d at 607.  Similarly, in *Checkley*, the Tenth Circuit found that, although the plaintiff alleged a single contract claim and two tort claims, the breach of contract claim was the "substantial predicate" of the action, and therefore, an award of fees was properly denied.  635 F. App'x at 560.

Next, "[i]f the predominance test failed to yield a clear answer, such as when the tort- and non-tort claims are equal in number or significance, then courts should turn to the question of whether tort claims were asserted to unlock additional remedies."  *Id.* at 559-60 (internal citations and parentheses omitted).  For example, in *Gagne*, the court found that, although the defendant alleged the same number of tort and contract counterclaims, because the tort counterclaims did not seek relief beyond that sought in the contract counterclaims, a fees award under Colo. Rev. Stat. § 13-17-201 was not appropriate.  338 P.3d at 1168.

In the instant case, the dismissed action is composed of an equal number of tort and non-tort claims.  Although Defendant Burba argues that the breach of contract claim is shorter and therefore less important than the tort claim, the Court does not believe that word count should serve as the basis for such a determination.  Holding that the tort claim here is more significant than the contract claim because of a larger word count would encourage plaintiffs to arbitrarily increase the word count of non-tort claims in order to eschew an attorney fee award under Colo. Rev. Stat. § 13-17-201.  *See Snyder v. Acord Corp.*, 811 F. App'x 447, 464 (10th Cir. 2020).  Defendant Burba has otherwise failed to

-9-

show that the tort claim here is more significant than the contract claim.  Because the predominance test fails to "yield a clear answer," the Court next turns to the question of whether the tort claim was pled to "unlock additional remedies."  *Checkley*, 635 F. App'x at 559-60.

In *Wise Services v. Atlas Copco Drilling*, No. 17-cv-01676-MEH, 2018 U.S. Dist. LEXIS 64419, at *12 (D. Colo. April 17, 2018), the court considered similar circumstances to the instant case; a single tort claim was balanced against a single breach of contract claim.  In that case, the court ultimately found that, because the plaintiff sought "exemplary and punitive damages" in the complaint, the tort claim was asserted against the defendant to unlock additional remedies unavailable to a contract claim alone.  *Id.*  For that reason, the action was "primarily tortious in nature."  *Id.*  In *Gagne*, the court similarly found that, because the counterclaim defendant "appear[ed] to have sought precisely the same relief" in connection with the tort claims as she did from the non-tort claims, the tort claims were not pled to unlock additional remedies.  *Gagne*, 338 P.3d at 1168.

In this case, under Claim 5 Plaintiffs state: "As a proximate result of Burba and IBAT's actions and interference, Borgese and Privitera have suffered and continue to suffer damages in an amount to be determined at trial and will include attorney fees and costs of litigation pursuant."  Plaintiffs later state that the relief they seek is "equitable" and at no point in the rather lengthy complaint do they mention punitive or exemplary damages.  *See generally Compl.* [#1] at 28.  Nor was the tort claim added to the complaint solely for the purpose of including Defendant Burba in the pleadings.  *See Carnation Bldg. Servs. v. Henderson*, No.11-cv-00703-CMA-MEH, 2012 WL 1033386, at *2 (D. Colo. Mar. 2, 2012) (relying in part on the use of tort claims to include individually named defendants

in finding that an award of fees was appropriate).  The Individual Plaintiffs brought Claim 5 against Defendant IBAT as well as Defendant Burba, and Plaintiff NAL brought Claim 6 against Defendant Burba.  *Compl.* [#1] at 28-30.  Thus, it also does not appear that Claim 5 was brought against Defendant Burba to "unlock additional remedies."  *Checkley*, 635 F. App'x at 559-60.

As to Defendant Burba's argument that the sixth claim for relief is less substantial claim than the fifth—because, he argues, Claim 6 is "underdeveloped and meritless,"— the Court does not find this argument persuasive as to whether the "essence" of the action is one in tort.  *Reply* [#45] at 4.  Although the Court in Order [#30] states that "the Complaint does not include any allegations relevant to the Plaintiffs' sixth cause of action," it also states in regard to Claim 5 that "[t]he lack of clarity in the Complaint renders this claim nearly impossible to analyze."  *Order* [#30] at 9, 11.  Moreover, both Claims 5 and 6 were dismissed for the same reason: Plaintiffs failed to sufficiently allege facts which could support necessary elements of both breach of contract and tortious interference claims.  *See generally Order* [#30].  It cannot be said that either Claim 5 or 6 has less merit than the other where both were dismissed under the same standard and were similarly addressed in the Order [#30] dismissing them.

Finally, Plaintiffs also note that out of all six claims brought in the Complaint [#1], only Claim 5 sounded in tort, and the rest were contract claims.  *Response* [#44] at 1.  As stated above, the relevant claims in this action are only those dismissed in the instant action, Claims 5 and 6. However, at least one court has looked at the entirety of pleadings in determining whether a tort claim was added to unlock additional remedies.  *See Dubray*, 192 P.3d at 607 (noting that "six of his eight claims against defendants, and eight

of his ten total claims asserted, were pleaded as tort claims.  Plaintiff obviously chose to include these claims to obtain relief beyond what was available solely under a breach of contract theory.").

In conclusion, Defendant Burba simply has not shown, nor can the Court find, that the essence of the action dismissed against him sounds in tort where the tort and non-tort claims are equal in number, where only one claim out of the eight pled was a tort claim, and where only equitable relief is sought.  *See Engl v. Nat. Grocers by Vitamin Cottage, Inc.*, No. 15-cv-02129-MSK-NYW, 2016 WL 8578096, at *13 (D. Colo. June 20, 2016) (declining to recommend an award of fees under Colo. Rev. Stat. § 13-17-201, where the defendant failed to present a "compelling argument" as to whether both requirements were met).

Because Defendant has failed to show that the "action lies in tort," the Court finds that an award of attorney fees under Colo. Rev. Stat. § 13-17-201 is not appropriate. Accordingly, the Court **recommends** that Defendant's request for attorney fees be **denied**.[5]

### IV.  Conclusion

Based on the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#35] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo

---

[5] Because the Court does not find that an award of attorney fees under Colo. Rev. Stat. § 13-17-201 is proper, it need not consider whether the requested fees are reasonable.

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 25, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge